
FILED
MAR 15 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| MYRON D. EVENSON, | ) | CV 10-57-BU-DLC-CSO |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA CORPORATION, d/b/a CIGNA GROUP INSURANCE, and HOLCIM (US), INC., | ) | |
| Defendants. | ) | |

Plaintiff Myron Evenson brings this action seeking to recover benefits under a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461. Evenson alleges that he was wrongfully denied voluntary accidental death and dismemberment benefits under the his employer's ERISA plan following his wife's suicide. United States Magistrate

-1-

Judge Carolyn S. Ostby has issued Findings and Recommendations in which she recommends that summary judgment be granted in favor of the remaining Defendants[1] and against Evenson. For the reasons that follow, the Court adopts the Findings and Recommendations in full.

Evenson is a participant in an Employee Benefits Plan (the "Plan") offered by his employer, Defendant Holcim. The terms of the Plan are set forth in a document called "Plan Document and Summary Plan Description" (the "Summary Plan Description"), which states, "This document is intended to act as both the official Plan document and provide you a summary of the welfare benefits available to you." Administrative Record ("AR") at 111. According to the Summary Plan Description, Holcim serves as the Plan administrator but delegates the authority and responsibility for Plan administration, including determining eligibility for and amount of benefits, to the insurance companies that provide the Plan benefits. Holcim purchased insurance benefits for the Plan from a number of different insurance companies; it obtained the Plan's life and accidental death and dismemberment coverage in the form of a Group Accident Policy (the "Policy") issued by Defendant Life Insurance Company of North America (the "Insurance Company").

---

[1] Defendant CIGNA Corporation was dismissed by stipulation by July 28, 2011. Doc. No. 30.

The Policy provides basic life and accidental death and dismemberment insurance, and Evenson purchased additional voluntary accidental death and dismemberment coverage for himself and his wife. The Summary Plan Description contains the following language limiting the coverage for voluntary accidental death and dismemberment: "No Voluntary AD&D Insurance benefits are payable if your death or loss results from ... [i]ntentionally self-inflicted injury (actual or attempted) while sane or insane[.]" AR at 243. The Policy issued by the Insurance Company that provides the Plan's voluntary accidental death and dismemberment insurance also excludes coverage for intentionally self-inflicted injury, stating, "[B]enefits will not be paid for any Covered Injury or Covered Loss which, directly or indirectly, in whole or in part, is caused by or results from ... intentionally self-inflicted Injury, suicide, or any attempt thereat while sane or insane[.]" AR at 32.

Following his wife's suicide, Evenson submitted claims to the Insurance Company for life insurance and accidental death and dismemberment benefits. The Insurance Company paid the life insurance claim, but denied coverage for accidental death and dismemberment because the loss was due to a suicide. Evenson twice appealed the Insurance Company's determination of ineligibility, first by contesting the Insurance Company's factual finding that his wife had

committed suicide,[2] and later by arguing that the Summary Plan Description's exclusionary language does not foreclose coverage for the suicide of a spouse. Both appeals were denied.

Evenson then filed this action under ERISA seeking to recover benefits under the Plan (Count I) and accusing Holcim of breaching its fiduciary duty under the Plan by failing to provide a clear explanation of benefits (Count II). Evenson contends he is entitled to benefits under the Plan because the Summary Plan Description controls over the language of the Policy and the Summary Plan Description only limits coverage if "*your* death" (emphasis added) results from intentionally self-inflicted injury. Evenson argues that the use of the phrase "your death" should be read to narrow the scope of the exclusion to cover only the death of the employee Plan participant and not the death of any other covered family member. Evenson also contends that the exclusionary language in the Summary Plan Description is inconsistent with the exclusionary language in the Policy, such that an average Plan participant is denied a clear explanation of the nature and scope of the exclusion.

Defendants have now filed motions for summary judgment in which they argue 1) the Insurance Company did not abuse its discretion when it determined that Evenson's wife's suicide was excluded from coverage under the Plan and

---

[2]In this action Evenson does not dispute that his wife's death was a suicide

Policy; and 2) there is no conflict between the exclusionary language of the Summary Plan Description and that of the Policy. Plaintiff Evenson has filed a cross-motion for summary judgment.

In her Findings and Recommendations, Judge Ostby concludes that the Defendants are entitled to summary judgment. She begins by noting that where a plan gives the administrator the discretion to determine eligibility, the administrator's decision is reviewed for an abuse of discretion, citing Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666 (9th Cir. 2011). She then explained that Salomaa requires a district court to temper its review with skepticism in situations, such as this one, where the insurance company responsible for paying claims is also charged with determining whether a claim is covered. Reviewing the administrative record of the Insurance Company's decision under this standard, Judge Ostby first concluded that the Policy and the Summary Plan Description must be considered together to constitute the applicable ERISA documents. From there she determined that the Insurance Company did not abuse its discretion in interpreting the ERISA documents to exclude coverage for a family member's death by suicide, even when the Insurance Company's conflict of interest is accounted for. Judge Ostby found no ambiguity in the Plan documents that would require coverage.

In addition to the motions for summary judgment, Judge Ostby also

-5-

considered Plaintiff Evenson's motion to amend the scheduling order to allow for limited additional discovery on the Insurance Company's claims process. Judge Ostby denied the motion, explaining that her conclusions on summary judgment would not be altered even if she applied a highly skeptical standard of review to the Insurance Company's decision.

Plaintiff Evenson timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Evenson raises four points in his objections, which are addressed here in turn.

**Objection No. 1** – Evenson argues Judge Ostby erred in concluding that the Policy and Summary Plan Description must be read together to constitute the applicable ERISA plan documents. According to Evenson, Judge Ostby misconstrued or misapplied three cases in making her recommendation. The Magistrate erroneously cited <u>Kanne v. Connecticut General Life Ins. Co.</u>,[3] Evenson argues, because <u>Kanne</u> did not address the situation where two plan documents have conflicting terms. Judge Ostby cited <u>Kanne</u> for the holding that a group health insurance policy obtained through an employee benefits program was part of an ERISA plan. 867 F.2d at 494. Evenson's argument that <u>Kanne</u> is inapposite because it does not address conflicting terms in plan documents misconstrues the facts in the administrative record. The Summary Plan

---

[3]867 F.2d 489 (9th Cir. 1988)

-6-

Description and the Policy are not in conflict with regard to the limitation on coverage for intentionally self-inflicted injury. The most that can be said is that the Summary Plan Description's use of the phrase "your death" in its limiting language creates a minor ambiguity, which is easily resolved upon reference to the terms of the underlying Policy. Judge Ostby's reliance on Kanne was not in error.

Judge Ostby also cites Shaw v. Connecticut General Life Ins. Co., 353 F.3d 1276, 1282-84 (11 Cir. 2003), which in turn cites Grosz-Salomon v. Paul Reverse Life Ins. Co., 237 F.3d 1154, 1158-61 (9th Cir. 2001). In each case, the court held that where an ERISA plan's summary plan document contains language that conflicts with the terms of the underlying policy, and the underlying policy has an integration clause stating that the policy constitutes the entire agreement between the parties, the terms of the policy are controlling over those of the summary plan description. Shaw, 353 F.3d at 1284-84; Grosz-Salomon, 237 F.3d at 1158-62. It is clear that Judge Ostby cited these cases for the narrow proposition that an insurance policy obtained through an ERISA plan is a plan document. Evenson has not cited any authority contrary to that proposition.

Moreover, if the holdings of these cases are examined more closely, as Evenson advocates in his objections, they appear to do more harm to Evenson's position. Like the policies in Shaw and Grosz-Salomon, the Policy at issue here contains an integration clause which states, "This Policy is a Plan document within

the meaning of ERISA. As respects the Insurance Company, it is the sole contract under which benefits are payable by the Insurance Company." AR at 44. Elsewhere the Policy states, "This Policy, including the endorsements, amendments and any attached papers constitutes the entire contract of insurance.... No agent has the authority to change this Policy or to waive any of its provisions." Id. at 37. Contrary to Evenson's position, to the extent that Shaw and Grosz-Salomon undermine Judge Ostby's conclusion that the Summary Plan Description and Policy must be read together, those cases suggest that the sole controlling document is the Policy, not the Summary Plan Description.

Evenson takes no issue with Judge Ostby's citations to federal and state case law holding that an ERISA plan must be reviewed according to state contract law principles and that Montana law requires contract documents to be construed together. Upon de novo review, the Court agrees with Judge Ostby's conclusion that the Policy and the Summary Plan Description together constitute the applicable ERISA plan documents.

**Objection No. 2** – Evenson next objects to Judge Ostby's determination that the Insurance Company did not abuse its discretion in denying benefits for Evenson's wife's suicide. By this objection Evenson merely restates his fundamental disagreement with Judge Ostby's conclusion that the Summary Plan Description is not the sole governing document. Evenson relies entirely on the

following sentence in the Summary Plan Description: "This document is intended to act as both the official Plan document and provide you a summary of the welfare benefits available to you." AR at 111. Judge Ostby's Findings and Recommendations give a detailed explanation based in fact and law as to why that sentence does not foreclose reference to the Policy as a Plan document. She noted that the Summary Plan Description uses the terms "you" and "yours" to describe coverage that extends to family members;[4] that the Summary Plan Description specifies that the terms of the Policy control eligibility for benefits; and that Evenson did not rely on the language of the Summary Plan Description. Evenson has not identified facts in the record to contradict Judge Ostby's findings. Upon de novo review, the Court agrees with Judge Ostby's determination that the Insurance Company did not abuse its discretion in denying coverage.

**Objection No. 3** – Evenson objects to Judge Ostby's observation that "[m]any courts hold that to prevail on a benefit claim an employee must show reliance upon or prejudice from the faulty Summary Plan Description if it conflicts

---

[4]In fact, the Summary Plan Description uses similar language to describe the scope of coverage granted under the voluntary accidental death and dismemberment insurance, stating, "If *you* should die or suffer a loss due to an accident, supplemental benefits are paid in addition to your Basic Life/AD&D Insurance benefits." AR 241 (emphasis added). Evenson cannot credibly argue that Summary Plan Description's use of the word "you" in the language granting coverage should be read to extend to family members, while the same document's use of the word "your" to limit the same coverage applies only to the insured employee. Thus, even if the Court treats the Summary Plan Description as the only controlling document, the Insurance Company's determination that suicide is excluded from voluntary accidental death and dismemberment coverage is not an abuse of discretion.

with the same provision in other documents." Doc. No. 62 at 19. Evenson argues that there is no controlling Ninth Circuit case on the issue of reliance. This is not a persuasive objection to Judge Ostby's Findings and Recommendations; the lack of evidence of reliance is the last of several considerations supporting her conclusion. Judge Ostby did not misrepresent the state of the case law and did not place undue emphasis on the absence of evidence of reliance. Moreover, having given de novo consideration to the administrative record, the Court concludes that the Defendants are entitled to summary judgment even if reliance is not deemed a prerequisite to recovery.

**Objection No. 4** – Evenson objects to Judge Ostby's denial of his motion for additional discovery. The substance of the objection consists of a single sentence: "The Order seeks to have it both ways in denying Evenson's request for discovery on this topic and also ruling that no issues exist." Objections (Doc. No. 63) at 5. The objection distorts the basis for Judge Ostby's order; she did not rule that no issues exist, but rather concluded that even if additional discovery yielded information suggesting that the Insurance Company's decision should be viewed with great skepticism, her recommendation to this Court would not change. Because Judge Ostby issued the order denying the discovery motion pursuant to a designation under 28 U.S.C. 636(b)(1)(A), see Doc. No. 25, it is reviewed for clear error. The Court can find no clear error with Judge Ostby's order denying

additional discovery.

Based on the foregoing, and upon de novo review, the Court agrees with Judge Ostby's Findings and Recommendations (Doc. No. 62) and therefore adopts them in full. The Court also agrees with Judge Ostby's order denying Plaintiff Evenson's motion for additional discovery, and will not reconsider that order.

Accordingly, IT IS HEREBY ORDERED that the motions for summary judgment filed by Defendants Life Insurance Company of North America (Doc. No. 33) and Holcim (Doc. No. 38) are GRANTED, and Evenson's motion for summary judgment (Doc. No. 32) is DENIED.

DATED this 15th day of March, 2012.

Dana L. Christensen, District Judge
United States District Court